IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**NATASHA MOORE,**

    **Defendant.**                      Case No. 04-cr-30053-002-DRH

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

    Before the Court is defendant Natasha Moore's Motion for Expungement of Record (Doc. 100), in which she seeks to have her record expunged by this Court, and asks that it only be viewable by law enforcement personnel. The reasons for her request is that she believes it will be difficult for her to find gainful employment or even get housing approval due to the fact that the requisite background checks will reveal her federal conviction from this case.

    Federal courts have no jurisdiction to order any agency of the executive branch to expunge a record of a person's indictment and conviction. ***U.S. v. Flowers*, 389 F.3d 737, 738 (7th Cir. 2004) (citing *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993); 28 U.S.C. § 534)**. Federal courts only have the jurisdiction to expunge judicial records and may only do so "if the dangers of

1

unwarranted adverse consequences to the individual outweigh the public interest in the maintenance of the records." ***Janik*, 10 F.3d at 472**.[1]  Such remedy is usually reserved for exceptional circumstances.  Even those who have been acquitted or had their convictions reversed, expungement of judicial records is rarely granted.  ***See id*. at 472-73**.  Such is not the case here where Defendant pled guilty and received a sentence in accordance with the offense for which she was convicted.  Unfortunately, Defendant's anticipated hardship holds true for most with federal convictions on their record and therefore, if the Court granted her Motion, it would essentially give cause for any federal conviction to be expunged.  This is not the purpose of the Court's jurisdiction nor can it be considered "exceptional."  Thus, the Motion (Doc. 100) must be **DENIED**.

**IT IS SO ORDERED.**

Signed this 20th day of July, 2010.

/s/    David R Herndon

**Chief Judge
United States District Court**

---

[1] In ***Janik***, the Seventh Circuit noted that if a person wanted to obtain expungement of the executive agency records (i.e., law enforcement such as FBI or DOJ), that person "must go directly to the Executive Branch.  If the Executive Branch refuses, Congress can act to confer jurisdiction on the federal courts. Congress has not so acted and we hold that we are without jurisdiction to order any Executive Branch agency to expunge Janik's records."  **10 F.3d at 473**.