IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

NATASHA MOORE, n/k/a
NATASHA LEDBETTER,

Defendant.                                    No. 04-cr-30053-2-DRH

MEMORANDUM & ORDER

HERNDON, Chief Judge:

Now before the Court is an email, construed by the Court as a "motion to vacate the tax lien for federal restitution owed," filed by Natasha Moore, n/k/a Natasha Ledbetter (defendant), on March 13, 2014 (Doc. 102).  The government has responded to defendant's request (Doc. 104).

On July 22, 2005, a criminal judgment was entered against defendant, sentencing her to 33 months' imprisonment for conspiracy to commit mail fraud. A special assessment of $100.00 and restitution in the amount of $132,425.14 were ordered against defendant (Doc. 66).  The government states that as of March 26, 2014, $130,166.14 remains due.  Defendant's supervised release jurisdiction has been transferred to the Eastern District of Missouri. *See* 09-cr-591-RWS (E.D. Mo.).

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule.  *See*

Page 1 of 2

*Carlisle v. United States*, 517 U.S. 416 (1996). This Court does not have jurisdiction to vacate a tax lien in connection with defendant's criminal proceedings.

The government suggests that defendant is not referring to a tax lien, but her inclusion in the Treasury Offset Program (TOP). The TOP is a centralized debt collection program. Whenever a person owes money to the United States, i.e., restitution, the United States can offset this debt against money it may owe to the debtor, i.e., tax refunds. It does not appear that this Court has the authority to remove defendant from the TOP, and alternatively, it finds there is no just reason to do so. In agreement with the government, the Court finds that defendant's desire for a tax refund does not outweigh her victim's right to restitution.

For the reasons stated above, defendant's motion is dismissed for lack of jurisdiction and alternatively, denied (Doc. 102).

**IT IS SO ORDERED.**

Signed this 31st day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.31 16:45:52 -05'00'

**Chief Judge**
**United States District Court**